UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DARRYL RUFFIN** | **CIVIL ACTION NO. 3:14-cv-0498** |
|     **LA. DOC #165228** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **RAY HANSON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

*Pro se* plaintiff Darryl Ruffin, an inmate in the custody of the Louisiana Department of Corrections (DOC), is incarcerated at the Richwood Corrections Center (RCC), Monroe, Louisiana. He filed the instant civil rights complaint on March 4, 2014. Plaintiff sued the RCC and its Warden Ray Hanson and Deputy Warden Antonio Turner, the DOC, and Nurse M. Ross complaining that notwithstanding his requests, the defendants have refused to provide him with upper and lower dentures and instead have provided him a soft-food diet. He prayed for an order directing the defendants to provide the appropriate dentures or in the alternative for a transfer to a DOC facility. [Doc. 1]

On the same date, plaintiff submitted an application to proceed *in forma pauperis*. Therein he answered "No" under penalty of perjury to the following question, "Have you on any prior occasion, while incarcerated or detained in any prison, jail, or other facility, brought an action in federal court that was dismissed on the rounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted?" [Doc. 2, ¶ 7] Based upon that declaration, along with his claim of poverty, the undersigned granted *in forma pauperis* status on March 12, 2014. [Doc. 4]

The records of this court belie plaintiff's claim.

(1) Plaintiff, while incarcerated at the Morgan City, Louisiana Jail, filed suit against the Warden, Doreen Francis, and a jailer, Jason Anslum on July 29, 1999. That suit was dismissed as frivolous and for failing to state a claim for which relief may be granted by United States District Judge Tucker L. Melançon on November 15, 1999. *See Darryl Ruffin v. Doreen Francis, et al.*, No. 6:99-cv-1375 at Doc. 13.

(2) Plaintiff, while incarcerated at the St. Mary Parish Law Enforcement Center, filed suit against the Morgan City Police Department, Chief Viccillio, the Bayou Ramos Wrecking Service, and Charlie Polk, on September 25, 2000. His claims against MCPD, Chief Viccillio and Charlie Polk were dismissed for failure to state a claim for which relief may be granted by United States District Judge Rebecca F. Doherty on March 19, 2001. The claim against Bayou Ramos Wrecking was dismissed on May 31, 2001, because of plaintiff's failure to prosecute. *See Darryl Ruffin v. Police Dept. Of Morgan City, et al.*, No. 6:00-cv-2185 at Docs. 13 and 15.

(3) Plaintiff, while incarcerated at the St. Mary Parish Law Enforcement Center, filed suit against Warden Robin Landry on September 14, 2010. That suit was dismissed with prejudice for failing to state a claim for which relief may be granted by United States District Judge Richard T. Haik, Sr., on May 9, 2011. *See Darryl Ruffin v. Robin Landry*, No. 6:10-cv-1440 at Doc. 8.

Title 28 U.S.C. §1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is aware of this provision. In the Report recommending dismissal of Civil Action No. 6:10-cv-1440, United States Magistrate Judge C. Michael Hill advised:

> Plaintiff, proceeding *in forma pauperis*, and, while a prisoner, has had two prior civil actions dismissed as frivolous or for failing to state a claim for which relief may be granted...
>
> Should the Court adopt this Report and Recommendation and dismiss the instant suit for failing to state a claim, plaintiff will have accumulated three strikes and he will thereafter be prohibited from filing any further prisoner suits *in forma pauperis* unless he can allege and prove that he is in eminent (sic) danger of serious physical harm. See 28 U.S.C. §1915(g).

*See Darryl Ruffin v. Robin Landry*, Civil Action No. 6:10-cv-1440, at Doc. 6.

Clearly then, and contrary to his assertions, plaintiff has acquired three strikes as defined by Section 1915(g). The instant complaint does not contend that plaintiff is under imminent danger of serious physical injury. Compare *Mayfield v. Geo Group, Inc.*, No. 3:06-cv-1866 (N.D. Tex. 2007), 2007 WL 609778 (Loss of dentures not evidence of imminent danger of serious injury); *Crawford v. Healy*, No. H-07-cv-0060 (S.D. Tex. 2007), 2007 WL 128295 (Numerous generalized complaints including loss of dentures did not sufficiently allege imminent danger of serious injury).

Further, plaintiff has attempted to perpetrate a fraud upon the Court by submitting a fraudulent accounts statement and, by failing to alert the Court that he has accumulated three strikes and is thus ineligible to proceed *in forma pauperis*. Therefore,

The March 12, 2014 order granting plaintiff *in forma pauperis* status [Doc. 4] is hereby **REVOKED** and **RESCINDED;**

In order for this complaint to remain viable, plaintiff must pay the **full filing fee of $400.00 (four hundred dollars) within fourteen (14) days from the date of this order**. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN HIS PLEADINGS BEING DISMISSED AND STRICKEN FROM THE RECORD.**

Further, plaintiff is advised: **FUTURE ATTEMPTS TO COMMIT A FRAUD UPON THIS COURT WILL RESULT IN THE IMPOSITION OF ADDITIONAL SANCTIONS.**

Finally, the Clerk of the Court is directed to send a copy of this Order to the Keeper of the Three Strikes List, Tyler, Texas.

**THUS DONE AND SIGNED** in Chambers, in Monroe, Louisiana this 15th day of April, 2014.

_____
**KAREN L. HAYES.**
**UNITED STATES MAGISTRATE JUDGE**